■ SUSANNE C. OLIN et al., on Behalf of Themselves and All Other Residents, Property Owners and Electors in and of the Town of North Hempstead, County of Nassau, New York, Similarly Situated, Respondents, v. TOWN OF NORTH HEMPSTEAD et al., Appellants.— In an action to enjoin the construction of an incinerator in Hempstead Harbor and for other relief, in which the second amended complaint pleads eight causes of action, defendants appeal from so much of an order of the Supreme Court, Nassau County, dated January 10, 1961, as denied their motion for summary judgment dismissing the eight causes, pursuant to rule 113 of the Rules of Civil Practice; as denied

their motion to dismiss the first, second, third, fifth, sixth, seventh and eighth causes for patent insufficiency, pursuant to rule 106 of the Rules of Civil Practice; and as granted leave to plaintiffs to serve a further amended complaint as to the fourth cause of action with respect to which the motion to dismiss under rule 106 was granted. Order modified by striking out the second, third and fourth decretal paragraphs, and by substituting therefor: (1) a paragraph denying the motion to dismiss, under rules 106 and 113, as to the first, second, third, sixth and seventh causes of action; (2) a paragraph granting the motion to dismiss, under rule 106, as to the fifth and eighth causes of action, without leave to replead; and (3) a paragraph granting the motion to dismiss, under rule 113, as to the fourth, fifth and eighth causes of action. As so modified, the order insofar as appealed from, is affirmed, without costs. Selection of a site (subject of fourth cause), inclusive of the effect thereof upon a town bathing beach (subject of fifth cause), is a matter solely within the discretion of defendants. There is no occasion for the declaratory judgment sought in the eighth cause. Leave to replead these three causes (the fourth, fifth and eighth) would serve no purpose. The remaining causes — the first, second, third, sixth and seventh — are sufficient and present triable issues. Despite the defendants' admission that the site is not within the area described in the board's resolution, which description was carried into the proposition presented by referendum, proof may be adduced to determine whether the description afforded sufficient identification of the adjoining land under water. Ughetta, Kleinfeld, Pette and Brennan, JJ., concur; Nolan, P. J., concurs in all respects, except that he dissents from the determination insofar as it holds that the first, sixth and seventh causes of action are sufficient and present triable issues, and votes to grant the motion to dismiss said causes of action as well as the fourth, fifth and eighth.